**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CLEMMIE CLEVELAND, ET AL**     **PLAINTIFFS**

vs.     **CIVIL ACTION NO. 4:05CV10-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**     **DEFENDANTS**

**-and-**

**BARBARA JEAN SMITH, et al.**     **PLAINTIFFS**

vs.     **CIVIL ACTION NO. 4:05cv166-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**     **DEFENDANTS**

**-and-**

**JAMES AND PATRICIA SHELLY**     **PLAINTIFFS**

vs.     **CIVIL ACTION NO. 4:05cv167-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**     **DEFENDANTS**

**-and-**

**KITTY HEMPHILL, et al.**     **PLAINTIFFS**

vs.     **CIVIL ACTION NO. 4:05cv169-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**     **DEFENDANTS**

**-and-**

**DIANE JOHNSON, et al.**     **PLAINTIFFS**

vs.     **CIVIL ACTION NO. 4:05cv172-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**     **DEFENDANTS**

**-and-**

**WILLIE SANDIFER, et al.**     **PLAINTIFFS**

**vs.** **CIVIL ACTION NO. 4:05cv173-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**MELVIN JEROME MURRY, et al.** **PLAINTIFFS**

**vs.** **CIVIL ACTION NO. 4:05cv174-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**JEROME C. HARRIS, et al.** **PLAINTIFFS**

**vs.** **CIVIL ACTION NO. 4:05cv176-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**IVORY HARRIS, et al.** **PLAINTIFFS**

**vs.** **CIVIL ACTION NO. 4:05cv180-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**BROOK SIVLEY** **PLAINTIFF**

**vs.** **CIVIL ACTION NO. 4:05cv191-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**ANTHONY WILLIAMS, et al.** **PLAINTIFFS**

**vs.** **CIVIL ACTION NO. 4:05cv192-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.** **DEFENDANTS**

**-and-**

**CATASHA AND CHARLES BROWN, et al.** **PLAINTIFFS**

vs.                                               CIVIL ACTION NO. 4:05cv195-P-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**            **DEFENDANTS**

-and-

**DOROTHY HARRIS, et al.**                                      **PLAINTIFFS**

vs.                                              CIVIL ACTION NO. 4:05cv196-P-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**            **DEFENDANTS**

## ORDER GRANTING MOTION TO QUASH DEPOSITION OF TERRY GREEN

This case is before the court on motion by defendants Bank of Commerce and Terry Green to quash the notice of deposition of Terry Green. The plaintiffs have responded and the defendants filed a rebuttal. The court has duly considered all information submitted by the parties and the record in this case. The notice suffers from multiple deficiencies, and the court finds that the motion to quash is well taken and should be granted.

Rule 30 of the Federal Rules of Civil Procedure provides requirements for taking a deposition. Rule 30(a)(2)(A)(ii) prohibits the taking of a deposition without leave of court where the parties have not stipulated to the deposition, and the witness has previously been deposed. The witness has been deposed by plaintiff's counsel for over twenty hours. The plaintiffs served the notice in this case without having sought and received leave of court to do so. Rule 30(b)(1) provides that "[a] party who wants to depose a person . . . must give reasonable written notice to every other party. . . ." Fed. R. Civ. P. 30(b)(1). This court has routinely held that "reasonable written notice" should be at least 10 calendar days. In this instance, the plaintiffs did not file their notice of Mr. Green's deposition until 8 days before the deposition is to take place. [1]

---

[1] In addition, plaintiffs designated specific documents about which they wish to question Green. It is unclear whether they seek production of those documents at the deposition, but if so, they would be prohibited from thus bypassing the 30-day response time afforded defendants under Rule 34 for production of documents.

The plaintiffs have responded to defendant's representation that Green has been deposed previously that while he was deposed as a representative of Defendant Bank of Commerce, he has not yet been deposed in his individual capacity. Further, plaintiffs agree to limiting the deposition to four hours and point to specific documents that they would like to question Mr. Green about, as well as other topics. In response defendant posits that these questions relating to bank transactions that would have been a proper topic at the Bank of Commerce's 30(b)(6) deposition, but were not asked at that time. Seeking Green's individual deposition at this time and on these topics, according to defendants, is merely an attempt to obtain information from Green that the plaintiff cannot now obtain from the Bank.

It is undisputed that Green has been deposed in this case for an inordinate amount of time (over 21 hours) as the 30(b)(6) representative of defendant Bank of Commerce. While Mr. Green has not been deposed in the instant case(s) in his individual capacity, he was deposed by plaintiffs' counsel in a similar state court case that has some or all of the same plaintiffs as are named in the above styled cases.[2]

The parties have been actively engaged in discovery in these cases for over two years. Most recently the plaintiffs received – over strenuous objection by the defendants – a second and final extension of the discovery deadline in these cases. In the court's view, the depositions of named defendants should have been at the top of the plaintiffs' discovery priority list. Nevertheless, Green's deposition as an individually named defendant was not noticed until January 3, 2008, less than two weeks before the expiration of the discovery deadline for all issues except expert witnesses. Mr. Green has been deposed by counsel for the plaintiffs in some

---

[2] Counsel for the defendants represents that on October 22, 2003, Green was deposed by counsel for the plaintiffs in a case pending in the Circuit Court of LeFlore County, Mississippi styled, *Williams et al v. Cimarron Mortgage Co, et al*, Case No. 2002-0265-CICI. This deposition lasted almost two and a half hours.

capacity or another collectively for approximately 25 hours. This total is over three times the general deposition time limit set by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(d)(1).

Counsel for the plaintiffs has had ample opportunity to ask Green questions on topics relating to the instant cases as both a 30(b)(6) representative and, over objection of Green's counsel, regarding topics outside the scope of the 30(b)(6) notice, as well as in his capacity as an individual defendant in a similar case. Plaintiff has not offered any reason that the court considers adequate to justify their not having initiated the discovery now sought much earlier in these cases. The court concludes that defendants' motion to quash is well taken and should be granted.

SO ORDERED.

THIS, the 10th day of January, 2008.

                _____/s/ S. ALLAN ALEXANDER_____
                UNITED STATES MAGISTRATE JUDGE